Richard J. Mulligan, Esq.
Mulligan Law Office, P.C.
40 East Simpson Avenue
P.O. Box 1066
Jackson, Wyoming 83001
Phone: (307) 733-5961
Fax: (307) 733-5847
E-Mail: dick@mulliganlawoffice.com
*Attorney for the Plaintiff*

COPY

FILED
TETON COUNTY WYOMING
2022 FEB -3  PM 4: 42
CLERK OF DISTRICT COURT

**IN THE DISTRICT COURT OF TETON COUNTY, WYOMING**
**NINTH JUDICIAL DISTRICT**

ROBERT EARL HINCKS, )
          )
      Plaintiff, )
          )
   vs. )    Case No.: 13622
          )
JOSHUA EUGENE FANN, )
ALFRED BURNHAM, and )
G&M LANDSCAPING, LLC, )
AN IDAHO and UTAH )
LIMITED LIABILITY CO., )
          )
      Defendant(s). )

**COMPLAINT**

COMES NOW, the Plaintiff, Robert Earl Hincks, by and through his Attorney, Richard J. Mulligan, of Mulligan Law office, P.C., and hereby respectfully brings this Complaint against the above-named Defendants: Joshua Eugene Fann, Alfred Burnham, and G&M Landscaping, LLC, an Idaho and Utah Limited Liability Co., and hereby alleges the following:

**INTRODUCTION**

1. This case arose out of a vehicular collision (hereinafter "the collision") that occurred at the intersection of West Broadway Avenue and West


EXHIBIT
A

Pearl Street on Sunday, November 15, 2020, at 11:23 p.m., in Jackson, Teton County, Wyoming. The purpose of this lawsuit is to recover damages for serious physical injuries suffered by the Plaintiff in the collision.

## PARTIES, JURISDICTION AND VENUE

2. Plaintiff, Robert E. Hincks (hereinafter "Hincks"), was a resident of Teton County, Wyoming, and is presently a resident of Lincoln County, Wyoming.

3. Defendant, Alfred Burnham (hereinafter "Burnham") is believed to be a resident of Bonneville County, Idaho and to be the owner of G&M Landscaping, LLC, (hereinafter "G&M") an Idaho and Utah Limited Liability Company.

4. Upon information and belief, the Defendant, Joshua Eugene Fann (hereinafter "Fann") is a resident of Matanuska-Susitna Borough, Alaska.

5. This Court has jurisdiction of this matter pursuant to Art. 5 § 10 of the Constitution of the State of Wyoming. The amount at issue in the parties' dispute is greater than fifty thousand dollars ($50,000.00) and it is sufficient that this Court has jurisdiction.

6. This Court has personal jurisdiction over the Defendants because this action arises out of Defendants' negligence caused by their acts and/or omissions within the State of Wyoming and affecting the Plaintiff.

Further, the Defendants have sufficient minimum contacts with the forum State and have purposefully availed themselves of the privilege of conducting activities within the State of Wyoming. The exercise of jurisdiction over the Defendants by this Court would not offend traditional notions of fair play and substantial justice. Similarly, it would not offend the due process clauses of the Federal or State constitutions.

7. Venue over this case is proper in this Court.

## FIRST CAUSE OF ACTION: NEGILENCE OF DEFENDANT, JOSHUA E. FANN

8. Plaintiff reincorporates the allegations of paragraphs 1 through 7, and further alleges his first cause of action against the Defendant, Joshua E. Fann as follows:

a. Plaintiff was a front seat passenger in a vehicle owned and operated by Robert Hess (hereinafter "Hess"). Hess stopped his vehicle at the intersection of West Broadway Avenue and West Pearl Street which was controlled by a traffic signal.

b. When the traffic signal turned green, Hess waited to be sure the intersection was safe to enter before releasing his brakes, and at that point his vehicle was violently struck from behind by a 2017 F-350 Ford Super Duty Pickup Truck being operated by Fann, but owned by Burnham, and doing business as G&M Landscaping, LLC.

c. Fann, instead of rendering aid or assistance to Hincks and Hess fled the scene in the vehicle he was driving.

d. In response to a phone call to the police, Fann was stopped and arrested for Driving Under the Influence, to which he ultimately pleaded guilty.

e. Upon information and belief, Defendant Fann was an employee of G&M at the time of the collision and was working at a job site in Jackson, Wyoming.

f. Upon information and belief, G&M provided Fann with the 2017 F-350 Ford Super Duty Pickup Truck to drive for employment purposes.

9. At the time of the collision, Fann owed a duty of reasonable care to Hincks and Hess, which he breached by driving negligently, while inebriated contrary to W.S. § 31-5-233, in a reckless, willful, and wanton disregard for the safety of the Plaintiff, by failing to pay proper attention, leaving the scene of the collision without rendering aid to the Plaintiff, and failing to exercise reasonable and prudent care normally exercised by a reasonably prudent person under similar circumstances.

10. As a result of Fann's breach of his duties of care, Hincks suffered serious physical injuries. The amount of Hincks' damages will be proven at Trial.

## SECOND CAUSE OF ACTION: NEGLIGENT ENTRUSTMENT AGAINST DEFENDANTS, BURNHAM AND G&M LANDSCAPING, LLC

11. Plaintiff reincorporates the allegations of paragraphs 1 through 10, and further alleges his second cause of action against the Defendants, Alfred Burnham and G&M Landscaping, LLC, as follows:

12. Burnham owned the 2017 F-350 Ford Super Duty Pickup Truck that Fann was driving at the time of the collision.

13. Defendants Burnham and G&M Landscaping, LLC, allowed Fann to drive the vehicle owned by them at the time the collision occurred.

14. Hincks further alleges as his second cause of action against Defendants Burnham and G&M, that Burnham and G&M negligently entrusted Fann to operate their vehicle.

15. Defendants Burnham and G&M Landscaping, LLC, knew or had reason to know that Fann had poor driving history, thus posing an unreasonable risk to the safety of the public, including Hincks.

16. As a foreseeable result of Defendants Burnham and G&M negligently entrusting their vehicle to Fann, Hincks suffered serious physical injuries and suffered damages in an amount to be proven at Trial.

## THIRD CAUSE OF ACTION: NEGLIGENT HIRING BY G&M

17. Plaintiff reincorporates the allegations of paragraphs 1 through 16, and further alleges his third cause of action against the Defendant, G&M Landscaping, LLC, as follows:

18. In its ordinary course of business, Defendant G&M hires individuals to serve as employees for its Landscaping business.

19. Upon information and belief, Fann was an employee of G&M at the time of the collision and was working at a job site located in Jackson, Wyoming.

20. Upon information and belief, G&M provides company vehicles for its employees.

21. Upon information and belief, Fann was operating a company vehicle at the time of the collision.

22. Operating a company vehicle involves a risk of harm to others.

23. G&M hired an inexperienced, reckless, incompetent, and intoxicated individual, namely Fann, to operate a company vehicle.

24. G&M's decision to hire an inexperienced, reckless, incompetent, and intoxicated individual to operate a company vehicle constitutes negligence.

25. G&M's negligent hiring was the cause in fact and proximate cause of the Hincks' injuries.

26. Hincks is entitled to general and special damages for these injuries.

**FOURTH CAUSE OF ACTION: NEGLIGENT SUPERVISION BY G&M**

27. Plaintiff reincorporates the allegations of paragraphs 1 through 26, and further alleges his fourth cause of action against the Defendant, G&M Landscaping, LLC, as follows:

28. G&M is subject to a duty to exercise reasonable care to control its employees while the employees are acting outside the scope of their employment to prevent the employees from intentionally harming others or from so conducting themselves as to create an unreasonable risk of bodily harm to others, when the employees are using a chattel of the employer and the employer:

    a. knows or has reason to know that the employer has the ability to control the employee, and;

    b. knows or should know of the necessity and opportunity for exercising such control.

29. At this time, Hincks is uncertain as to whether G&M will claim that its employee was acting outside the course and scope of his employment.

30. In this case, Fann conducted himself as to create an unreasonable risk of bodily harm to others, namely Hincks and his driver, Hess, when he operated a company vehicle while intoxicated.

31. G&M knew or had reason to know that it had the ability to control Fann and knew or should have known of the necessity and opportunity for exercising such control.

32. G&M's negligent supervision was the cause in fact and proximate cause of Hincks' injuries.

33. Hincks is entitled to general and special damages for these injuries.

## FIFTH CAUSE OF ACTION: NEGLIGENT ENTRUSTMENT BY G&M

34. Plaintiff reincorporates the allegations of paragraphs 1 through 33, and further alleges his fifth cause of action against the Defendant, G&M Landscaping, LLC, as follows:

35. In this case G&M supplied chattel, namely a 2017 Ford F-350 Super Duty Pickup Truck, for use by its employee, Defendant Fann.

36. G&M knew or had reason to know that due to Fann's, inexperience, incompetence, intoxication, and/or reckless behavior, that Fann would use the chattel in a manner involving unreasonable risk of physical harm to himself and to others.

37. G&M's negligent entrustment was the cause in fact and proximate cause of Hincks' injuries.

38. Hincks is entitled to general and special damages for these injuries.

## SIXTH CAUSE OF ACTION: RESPONDEAT SUPERIOR BY G&M

39. Plaintiff reincorporates the allegations of paragraphs 1 through 38, and further alleges his sixth cause of action against the Defendant, G&M Landscaping, LLC, as follows:

40. Fann failed to exercise reasonable care in operating the 2017 Ford F-350 Super Duty Pickup Truck provided to him as an employee of G&M.

41. At the time that Fann failed to exercise reasonable care in operating the 2017 Ford F-350 Super Duty Pickup Truck provided to him as an

employee of G&M, he was acting within the course and scope of his employment with G&M.

42. Under the Doctrine of Respondeat Superior, G&M is responsible for the tortious conduct of its employee Fann, and which Fann performed within the course and scope of his employment with G&M.

43. Fann's negligence was the cause in fact and proximate cause of the Hincks' injuries.

44. Hincks is entitled to general and special damages for these injuries.

## SEVENTH CAUSE OF ACTION: PUNITIVE DAMAGES

45. Plaintiff reincorporates the allegations of paragraphs 1 through 44, and further alleges his seventh cause of action against the Defendant, Joshua E. Fann, as follows:

46. Plaintiff alleges that Fann's actions of driving while intoxicated and leaving the scene of a vehicular collision are actions which should be deterred by awarding the Plaintiff exemplary damages against Defendant Fann.

## DAMAGES

47. Plaintiff reincorporates the allegations of paragraphs 1 through 46, and further alleges damages against all of the above-named Defendants as follows:

48. As a direct and proximate result of all of the above-named Defendant's negligent, reckless, willful, and wanton acts and omissions, Plaintiff suffered injuries and damages, including, but not limited to, the following:

    a.  Past, present, and future medical expenses, in an amount to be proven at Trial;

    b.  Past, present, and future loss of income and earning capacity in an amount to be proven at Trial;

    c.  Other economic loss, in an amount to be proven at Trial;

    d.  Past, present, and future physical, mental, and emotional pain and suffering damages, in an amount to be proven at Trial;

    e.  Past, present, and future loss of enjoyment of life in an amount to be proven at Trial;

    f.  Past, present, and future disfigurement and disability in an amount to be proven at Trial;

    g.  Past, present, and future caretaking expenses in an amount to be proven at Trial;

    h.  Past, present, and future pecuniary losses in an amount to be proven at Trial;

    i.  Punitive damages in a reasonable amount to be proven at Trial sufficient to adequately punish all of the above-named Defendants, and to serve as a deterrent and warning against future conduct of the type alleged in this Complaint;

j.  All allowable costs, expenses, Attorney fees and other fees associated with this litigation, and;

k.  All other damages allowed under the laws of the State of Wyoming.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff, Robert Earl Hincks, respectfully requests this Court to grant Judgment in his favor, and as follows:

a.  Judgment against all the above-named Defendants for economic damages in an amount consistent with the allegations contained herein, and to be further proven at Trial;

b.  Judgment against all the above-named Defendants for non-economic damages in an amount consistent with the allegations contained herein, and to be further proven at Trial;

c.  Judgment against all the above-named Defendants for punitive damages in an amount consistent with the allegations contained herein, and to be further proven at Trial, and;

d.  Judgment for costs, expenses, fees, Attorney fees, interest, and any and all other further relief as this Court may deem to be just and equitable in the premises.

*Robert Earl Hincks v. Joshua Eugene Fann, et. al.*
Case No.: _____
**COMPLAINT**
11

DATED this _3ʳᵈ_ day of February, 2022.

Richard J. Mulligan, Esq.
Mulligan Law Office, P.C.
40 East Simpson Avenue
P.O. Box 1066
Jackson, Wyoming 83001
(307) 733-5961 (Phone)
(307) 733-5847 (Fax)
WY Bar No.: 5-1731
*Attorney for the Plaintiff*